IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LAURANCE KRIEGEL, *pro se*, | § § | |
| PLAINTIFF, | § | CIVIL ACTION CAUSE NUMBER |
| v. | § § | 2:17-CV-079-J |
| USDA, USDA-FSA, | § § | |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER DISMISSING CASE FOR FAILURE TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED BECAUSE OF PLAINTIFF'S FAILURE TO TIMELY PERFECT SERVICE OF PROCESS

This suit was filed in federal court on March 14, 2017. In essence, Plaintiff seeks in this suit a court order for him to be paid by the Department of Agriculture sufficient money for his agricultural crops to allow a "farmer citizen" to "have a standard of living similar to other businesses' and employment." Plaintiff defines that level of income as "parity."

Because the record did not show that the Defendant has been properly served in this case within the time permitted by the federal rules of civil procedure, that summons had been requested or issued, and no answer had been filed, the Court pursuant to Local Rule 4.1 (providing that proof of service or of waiver of service must be made by filing with the clerk a copy of the summons, affidavit of service, and/or executed waiver of service) and Federal Rule of Civil Procedure 4(m) (providing that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court upon its own initiative, after notice to the plaintiff, must dismiss the action without prejudice), ordered Plaintiff on September 9, 2017, to show cause within fifteen (15) days why this case should not be dismissed for failure to timely perfect service of process upon the Defendants. Plaintiff was expressly cautioned that if he did not timely show

cause, all of his causes of action against the Defendants will be dismissed without prejudice and without further notice to the Plaintiff.

After the Court's show cause order, on September 12, 2017, Plaintiff requested and was issued summonses for the Defendants. In the interests of justice, the Court waited an additional seven days after the fifteen day deadline had passed to dismiss this case without prejudice, in order to allow additional time for the Plaintiff to show cause why this case should not be dismissed for failure to provide proof of proper service pursuant to Rule 4 of the federal rules and 4.1 of the local rules. No response to the Court's order having been filed by the Plaintiff, on September 29, 2017 this case was ordered dismissed without prejudice for failure to show cause for the delay in perfecting service of process.

On October 3, 2017, after this case had already been dismissed, Plaintiff filed four returns of service stating that he had personally mailed the summonses and copies of the complaint via certified mail service to both of the Defendants, to the U.S. Attorney General, and to the U.S. Attorney for the Northern District of Texas. On October 11, 2017, Plaintiff next filed a "writ for the pleading to remain in court to enact parity" requesting reinstatement of this case and specifically requesting "a hearing to discuss the facts with the Court and a profitable loan rate that covers Cost of Production, that being Parity and/or Parity Payments." The Court construes this as Plaintiff's untimely response to the show cause order.

The serving party bears the burden of proving its validity and to show good cause for failure to timely effect proper service. *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344 (5th Cir. 1992); *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1305 (5th Cir. 1985); *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981). A plaintiff must comply with the service requirements of the federal rules. *Norlock v. City of Garland,* 768 F.2d 654, 656 (5th Cir. 1985). A litigant's *pro se* status does not excuse him

from compliance with the federal rules of procedure. *United State v. Jenkins,* 780 F.2d 518, 520 (5th Cir. 1986). *See also* Fed. R. Civ. Pro. 4(i) (service requirement for suits against agencies of the federal government; requiring service of the summons and complaint by registered or certified mail to the named agency sued, the Attorney General, and the U.S. Attorney).

Federal Rule 4(c)(2) provides that an persons who is at least 18 years old and not a party to the case may serve a summons and complaint. As a party to the action Plaintiff Kriegel was not authorized to serve process. *Id.* The record provides no indication that any person authorized by either state or federal law to serve process was involved in Plaintiff's attempted service via certified mail. *See Gilliam v. County of Tarrant, et al.,* 94 Fed. Appx. 230, 2004 WL 816394 (5th Cit. 2004)(citing *Delta Steamships Lines, Inc. v. Albano,* 768 F.2d 728, 730 (5th Cir. 1985)). Plaintiff therefore has not shown that he has timely perfected service of process within the time limits of Rule 4, has not explained why he failed to do so, and has not shown good cause for his failure to do so.

For all of these reasons, and after notice to the Plaintiff, this case is again dismissed without prejudice for failure to timely perfect service of process within the time limit required by Rule 4.

It is SO ORDERED.

Signed this the ____16th____ day of October, 2017.

_____
MARY LOU ROBINSON
SENIOR UNITED STATES DISTRICT JUDGE